UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *  Criminal Action No. 1:23-cr-10121-IT |
| FRANCISCO ARAUJO LARA, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

January 8, 2026

TALWANI, D.J.

Pending before the court is Defendant Francisco Araujo Lara's Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 37] and Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 40]. For the reasons specified herein, both motions are DENIED.

I.   **Background**

Araujo Lara, a native and citizen of the Dominican Republic, first entered the United States in 2016. Presentence Report ("PSR") ¶¶ 42-43. On December 11, 2017, Araujo Lara was convicted in Essex County Superior Court in Lawrence, Massachusetts, for Distribution of a Class B controlled substance. Id. at ¶¶ 9, 32.

On July 31, 2019, U.S. Immigration and Customs Enforcement ("ICE") issued Araujo Lara a Notice of Intent to Issue a Final Administrative Order ("Form I-851"), Opp'n, Ex. 1 [Doc. No. 44-1], charging him as "deportable under section 237(a)(2)(A)(iii) of the [Immigration and Nationality Act ("INA")], 8 U.S.C. 1227(a)(2)(A)(iii), as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43)(B) of the Act, 8 U.S.C. 1101(a)(43)(B)." Id. at 1. The Form I-851 stated further that the Department of Homeland

Security ("DHS") "determined that you are amenable to administrative removal proceedings" under 8 U.S.C. § 1228(b). Id.

In the certificate of service accompanying the Form I-851, Araujo Lara acknowledged receipt of the Form I-851 with his signature. Id. at 2. The Form I-851 listed two options: "I Wish to Contest and/or to Request Withholding of Removal" or "I Do Not Wish to Contest and/or to Request Withholding of Removal." Id. Araujo Lara selected the latter and, under that option, marked the box next to the following language:

> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges. I do not wish to request withholding or deferral of removal. I wish to be removed to _____.

Id. at 2. He left unmarked the box stating: "I understand that I have the right to remain in the United States for 14 calendar days in order to apply for judicial review. I do not wish this opportunity. I waive this right." Id. Both Araujo Lara and an ICE Deportation Officer signed and dated the form. Id.

Also on July 31, 2019, Araujo Lara was issued a Form I-205 Warrant of Removal/Deportation ("Form I-205"), Opp'n, Ex. 2, at 1 [Doc. No. 44-2], stating that he was "subject to removal/deportation from the United States, based upon a final order by: . . . a designated official." The Form I-205 specified that Araujo Lara was subject to removal "pursuant to the following provisions of the [INA]: 237(a)(2)(A)(iii)." Id. The Acting Field Office Director for ICE's Burlington, Massachusetts location signed the Form I-205 on August 26, 2019. Id. Araujo Lara was deported from the United States to the Dominican Republic on September 17, 2019. Id. at 2; PSR ¶ 10.

At an unknown date and location, Araujo Lara reentered the United States without authorization. PSR ¶ 11. On January 21, 2022, Araujo Lara was convicted in Lawrence District

2

Court of two drug-related criminal offenses. Id. ¶¶ 11, 34. He was sentenced to 2.5 years of incarceration. Id. ¶¶ 11, 34.

On April 26, 2023, a grand jury returned an indictment charging Araujo Lara with one count of Unlawful Reentry of Deported Alien, in violation of 8 U.S.C. § 1326. Indictment 1-2 [Doc. No. 1]. Araujo Lara entered a guilty plea on October 11, 2023, see Elec. Clerk's Notes [Doc. No. 28], and, on January 25, 2024, this court sentenced him to fifty-one months of imprisonment and three years of supervised release. Judgment 2-3 [Doc. No. 33].

## II.   The Pending Motions

Araujo Lara, proceeding *pro se*, filed a Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 37] ("Habeas Motion") on November 20, 2024, in the U.S. District Court for the District of New Hampshire, where he was incarcerated. Id. at 3; Habeas Mot., Ex. 1, Civ. Dkt. 1:24-cv-00394-LM-AJ [Doc. No. 37-1]. The assigned Magistrate Judge construed Araujo Lara's petition under 28 U.S.C. § 2241 "as a motion seeking relief under 28 U.S.C. § 2255," finding as follows:

> The initial pleading in this case . . . challenges the validity of the petitioner's January 2024 judgment of conviction for illegal reentry after deportation, in violation of 18 U.S.C. § 1326. See United States v. Lara, No[.] 1:23-cr-10121-IT-1 (D. Mass. Jan. 25, 2024). The remedy under § 2241 is available for a collateral attack on the petitioner's conviction and sentence, only if "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court" by way of a motion under 28 U.S.C. § 2255. Jones v. Hendrix, 599 U.S. 465, 478 (2023) (citing 28 U.S.C. § 2255(e)). The petitioner here has not shown that the remedy under § 2255 is ineffective or inadequate, or impossible or impracticable, in his circumstances. . . . Accordingly, without expressing an opinion as to the merits of the claims at issue, this court construes the petition . . . as a motion seeking relief under 28 U.S.C. § 2255[.]

Habeas Mot. Ex. 2, Francisco Araujo-Lara v. United States, 24-cv-394-LM-AJ, at *1-2 (Dec. 26, 2024) [Doc. No. 37-2]. The Magistrate Judge determined that the District of Massachusetts, as

3

the sentencing court, had jurisdiction over Araujo Lara's motion and ordered that the matter be transferred. Id. at *2.

On January 16, 2025, Araujo Lara, still proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 40] ("Motion to Vacate") in this court.[1] The government filed a single Opposition [Doc. No. 44] to both motions.

### III. Standard of Review

#### A. Collateral Attacks Under 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his or her sentence. Relief may be granted on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," and (4) the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). In seeking to collaterally attack a conviction, the burden is on the petitioner to show entitlement to relief, David v. United States, 134 F.3d 470, 474 (1st Cir. 1998), including any entitlement to an evidentiary hearing, Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001). See also Rules 4 and 8 of the Rules Governing Section 2255 Proceedings.

#### B. Ineffective Assistance of Counsel

The Sixth Amendment protects the right of the accused in a criminal proceeding to representation by an attorney "who plays the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. 668, 685 (1984). To establish a claim of ineffective

---

[1] Despite agreeing with the Magistrate Judge's characterization of the Habeas Motion [Doc. No. 37] as a motion seeking relief under 28 U.S.C. § 2255, the court did not dismiss the Motion to Vacate [Doc. No. 40] as a second or successive application under 28 U.S.C. § 2244(b)(3)(E) where Petitioner filed it prior to the court issuing notice under Castro v. United States, 540 U.S. 375 (2003). Instead, the court considers the two pleadings together as a first § 2255 motion.

assistance of counsel, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. "The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (internal citations omitted). The Constitution does not guarantee a defendant a perfect or successful defense. See Moreno-Espada v. United States, 666 F.3d 60, 65 (1st Cir. 2012). Rather, "the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991).

An ineffective assistance of counsel claim has two elements. First, the court determines whether counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 690. The court should be "highly deferential" in scrutinizing counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Second, the court assesses whether counsel's challenged acts or omissions prejudiced the petitioner. Id. at 694. This requires the petitioner to demonstrate that "there is a reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. The court need not address both elements if the petitioner makes an insufficient showing on one of them. Id. at 697.

Additionally, "when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's [criminal proceedings], the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

    C.  Pro Se Movants

A motion that is filed *pro se* must be construed more leniently than one drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the motion must nevertheless comply with the procedural and substantive requirements of the law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

**IV.  Discussion**

As the basis of his Motion to Vacate [Doc. No. 40], Araujo Lara claims ineffective assistance of counsel both in "the plea negotiations" and "the sentencing stage" of his 2023 federal criminal case. Mem. ISO Mot. to Vacate at 3 [Doc. No. 41]. Araujo Lara specifically argues that counsel was deficient in failing to "attempt[] to quash [Araujo Lara's 2023 indictment], as it was in violation of [Araujo Lara's] constitutional right to due process." Id. at 5.

As grounds therefor, Araujo Lara asserts that his 2019 deportation violated his due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution because he was ordered removed by an administrative official, rather than by an immigration judge. Id. at 5-6; see Habeas Mot. 1-2 [Doc. No. 37]. Araujo Lara contends that his criminal defense counsel was ineffective in failing to argue that his 2019 deportation was not a valid predicate for his indictment for Unlawful Reentry of Deported Alien, 8 U.S.C. § 1326, in 2023. Mem. ISO Mot. to Vacate 6 [Doc. No. 41]; see Habeas Mot. 1-2 [Doc. No. 37] (raising the same due process challenge to his 2019 deportation).

    A.  Counsel's Performance Was Reasonable

The court finds that Araujo Lara has not demonstrated that his counsel's performance fell below an objective standard of reasonableness, as required to make out an ineffective assistance of counsel claim. See Strickland, 466 U.S. at 689-90.

The government asserts, and Araujo Lara does not contest, that Araujo Lara was both convicted of an "aggravated felony" for the purposes of 8 U.S.C. § 1227(a)(2)(A)(iii) and did not have legal status in the United States at the time of his 2019 deportation. Opp'n 6-7 [Doc. No. 44]. As to Araujo Lara's allegation that his 2019 deportation violated due process because his removal was not ordered by an immigration judge, the government argues that, under 8 U.S.C. § 1326(d), Araujo Lara's collateral attack is procedurally barred and without substantive merit. Id. at 8-12.

Section 1326(d) prohibits noncitizens who are ordered removed based on an aggravated felony conviction from collaterally attacking an underlying deportation order unless

> the alien demonstrates that —
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). The government contends that Araujo Lara has not satisfied these statutory requirements and is therefore barred from attacking his removal. Opp'n 8 [Doc. No. 44]. See United States v. Palomar-Santiago, 593 U.S. 321, 329 (2021) ("The Court holds that each of the statutory requirements of § 1326(d) is mandatory."); United States v. Luna, 436 F.3d 312, 317 (1st Cir. 2006) (elements of 8 U.S.C. § 1326(d) "are in the conjunctive," such that "a defendant must satisfy all of them to successfully attack his removal order").

The court agrees that Araujo Lara has not exhausted his administrative remedies to seek relief from his 2019 order of removal. See 8 U.S.C § 1326(d)(1). Although Araujo Lara has belatedly attempted to do so by pursuing the U.S. Bureau of Prisons' administrative remedy process, see Habeas Mot., Ex. 3, at ECF 1-10 [Doc. No. 37-3], he has provided no evidence that

7

he pursued the administrative remedies available to him at the time he was issued a Form I-851, which informed Araujo Lara of his ability to rebut the charge of removability and request a withholding of removal or, alternatively, to seek protection under the Convention Against Torture and Other Cruel, Inhumane, or Degrading Treatment or Punishment. See Opp'n 9-10 [Doc. No. 44]. Although Araujo Lara did not indicate that he waived his right to seek judicial review within fourteen days of the issuance of his Form I-851, see Form I-851, at 2 [Doc. No. 44-1], he does not assert, and the record does not suggest, that Araujo Lara sought such review within the designated period. Where Araujo Lara does not contend that his waiver of the right to contest his removability was coerced or involuntary, and where he does not indicate that he was otherwise prevented from filing an appeal of his removal order, Araujo Lara's failure to pursue review or redress at the time he faced deportation in 2019 also forecloses any argument that the deportation proceedings deprived Araujo Lara of an opportunity for judicial review. See 8 U.S.C § 1326(d)(2); United States v. Vieira-Candelario, 6 F.3d 12, 15 (1st Cir. 1993) ("putatively erroneous decision" regarding deported noncitizen's eligibility for discretionary relief "did not 'effectively' rob [noncitizen] of his right to review" where noncitizen "voluntarily abandoned his right to obtain review of the deportation order").

But even if Araujo Lara could satisfy 8 U.S.C. § 1326(d)(1) and (2), the court finds that he has not sufficiently demonstrated that the entry of his 2019 removal order was "fundamentally unfair," as required under 8 U.S.C. § 1326(d)(3). That statutory provision "requires a showing of prejudice . . . and such a showing entails 'a reasonable likelihood that the result would have been different if the error in the deportation proceeding had not occurred.'" United States v. Soto-Mateo, 799 F.3d 117, 124 (1st Cir. 2015) (citing and quoting Luna, 436 F.3d at 319, 321); see

8

Luna, 436 F.3d at 319 ("Under this prong, courts uniformly require a showing of procedural error and prejudice.").

The court understands Araujo Lara's assertion of fundamental unfairness as arising from the authorization of his deportation by an immigration officer, rather than through proceedings conducted by an immigration judge. See Habeas Mot. 1 [Doc. No. 37] ("[Araujo Lara] was illegally removed by ICE without a proper hearing by a judicial officer pursuant to 8 U.S.C. § 1182(A)(7)."); Mem. ISO Mot. to Vacate 5 [Doc. No. 41] ("[U]nder 8 U.S.C. § 1182(A)(7) a judicial officer must make factual findings, and then proceed to [commence] additional due process requirements in order to remove someone from the Country, and if a removal is done by ICE then it violates the due process clause, and is unconstitutional. . . . This fact invalidates the Petitioner['s] (original) removal under 8 U.S.C. § 1182(A)(7).").

Pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), a noncitizen "who is convicted of an aggravated felony at any time after admission is deportable." Such noncitizens are subject to expedited removal under 8 U.S.C. § 1228. See 8 U.S.C. § 1228(a)(1) (directing the Attorney General to "provide for the availability of special removal proceedings" to be conducted "in a manner which assures expeditious removal following the end of the alien's incarceration for the underlying sentence"); id. § 1228(a)(3) (directing the Attorney General to "provide for the initiation and, to the extent possible, the completion of removal proceedings . . . in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony"); id. § 1228(b); see also Xu v. Garland, 26 F.4th 100, 102 (1st Cir. 2022).

Although an immigration judge is typically required in proceedings "for deciding the inadmissibility or deportability of an alien," 8 U.S.C. § 1229a(a)(1), Congress's statutory design

9

excepts deportation proceedings for noncitizens convicted of aggravated felonies from this procedural mandate. See 8 U.S.C. § 1228(b)(1) ("The Attorney general may. . . determine the deportability of such alien under section 1227(a)(2)(A)(iii) of this title (relating to conviction of an aggravated felony) and issue an order of removal pursuant to the procedures set forth in this subsection or section 1229a of this title" (emphasis added)); id. § 1228(b)(4)(A)-(F) (setting forth various procedural requirements for the deportation of noncitizens convicted of aggravated felonies but not mandating that an immigration judge be involved).

As to who may adjudicate such noncitizens' final orders of removal, the applicable statute makes no mention of immigration judges' participation in the proceedings and demands only that "the final order of removal is not adjudicated by the same person who issues the charges" Id. § 1228(b)(4)(F). Stated differently, an immigration judge need not issue a noncitizen's final order of deportation if, as in the case of Araujo Lara, the noncitizen's deportation is precipitated by a conviction for an aggravated felony. See, e.g., Osuna-Gutierrez v. Johnson, 838 F.3d 1030, 1034 (10th Cir. 2016) ("Nothing in § 1228 requires that an [immigration judge] preside over the expedited removal process. . . . Congress commanded only that someone other than the charging officer preside over expedited removal proceedings and did so in a way that implies that someone other than an [immigration judge] can hear the proceeding."); see also Barrades Jacome v. Att'y Gen. United States, 39 F.4th 111, 125 (3d Cir. 2022) ("no reason to conclude [noncitizen] could establish prejudice" where he was "not a lawful permanent resident, and was convicted of an aggravated felony" and "would still be removable" even if court found a due process violation in noncitizen's deportation proceedings); United States v. Rangel de Aguilar, 308 F.3d 1134, 1137 (10th Cir. 2002) (procedures required for deportation proceedings "are delineated by Congress and the Attorney General").

10

The two out-of-circuit cases on which Araujo Lara relies are inapposite to the circumstances of his 2019 deportation. The first, <u>United States v. Mayren</u>, 591 F. Supp. 3d 692 (C.D. Cal. 2022), concerned a noncitizen defendant's successful motion to dismiss his indictment for illegal reentry on the basis that, with respect to his prior deportation, "he was not removable as charged under § 1182(a)(7).[2]" <u>Id.</u> at 699. <u>United States v. Carrillo-Moreno</u>, 670 F. Supp. 3d 921 (D. Ariz. 2023), to which Araujo Lara also cites, likewise involved a determination of the applicability of 8 U.S.C. § 1182(a)(7) to a previously deported noncitizen. <u>See</u> <u>id.</u> at 923. Where Araujo Lara does not dispute that he was subject to deportation in 2019 under 8 U.S.C. § 1227(a)(2)(A)(iii), the court finds neither case to be persuasive.

Accordingly, where Araujo Lara's 2019 deportation order was proper pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1228, Araujo Lara's counsel's performance was objectively reasonable despite not challenging the indictment via a collateral attack on Araujo Lara's predicate deportation.

---

[2] Section 1182(a)(7) provides in relevant part:

> Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission—
> 
> (I) who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issues by the Attorney General under section 1181(a) of this title, or
> 
> (II) whose visa has been issued without compliance with the provisions of section 1153 of this title,
> 
> is inadmissible.

8 U.S.C. § 1182(a)(7)(A)(i).

B.  Prejudice

Where Petitioner has not demonstrated that counsel's performance was unreasonable, the court need not reach the prejudice element under Strickland. See 466 U.S. at 697.

V.  **Conclusion**

For the foregoing reasons, Araujo Lara's Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 37] and Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 40] are treated as a single motion and are DENIED.

IT IS SO ORDERED.

January 8, 2026                                         /s/ Indira Talwani
                                                                  United States District Judge